IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| GRACE NEW ENGLAND; and<br><br>PASTOR HOWARD KALOOGIAN,<br><br>       Plaintiffs,<br><br>    v.<br><br>TOWN OF WEARE, NEW HAMPSHIRE;<br><br>TONY SAWYER, in his individual and official capacities; and<br><br>CRAIG FRANCISCO, in his individual and official capacities,<br><br>       Defendants. | **Civil Action No.: 1:24-cv-00041-PB-AJ** |

**PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

Pursuant to Federal Rule of Civil Procedure 56 and Local Rule 56.1, Plaintiffs Grace New England and Pastor Howard Kaloogian (collectively, the "Church") respectfully move for summary judgment on all counts of their Complaint (Dkt. 1) against Defendants Town of Weare, New Hampshire, Tony Sawyer, and Craig Francisco (collectively, the "Town"). This lawsuit stems from the Town's coordinated efforts to prevent the Church from engaging in religious activities in contravention of a clear state statute and long-standing state and federal constitutional law. The Town's unlawful actions primarily derive from the misapplication of the Weare Site Plan Review Regulations, authorized by N.H. Rev. Stat. § 674:43, and the Town's Zoning Ordinance (collectively, the "Regulations"). The Church therefore submits this Motion for Summary Judgment (the "Motion"), and states as follows:

1. This matter begins, and likely ends, with the Town's blatant disregard of a state statute—N.H. Rev. Stat. § 674:76 ("RSA 674:76"). The plain text of this statute states "[n]o zoning ordinance or site plan review regulation shall prohibit, regulate, or restrict the use of land or structures primarily used for religious purposes" apart from a few limited and defined regulations concerning the height of structures, yard sizes, lot area, setbacks, open space, and building coverage requirements. RSA 674:76. By both its unambiguous text and statutory history, RSA 674:76 forbids the Town from doing the very thing it seeks to force the Church to do here: submit to an all-encompassing site plan review for the use of a barn that is primarily used for religious purposes. The Kaloogians' barn, a 200-year-old structure, cannot have issues with the statute's limited and defined permissible regulations; a fact the Town has never disputed. For the avoidance of doubt, the Church does not contend that this statute restricts the Town, or any other applicable state authority, from enforcing regulations not contemplated by RSA 674:76, such as fire, health, or building codes. Those other codes are enforced wholly apart from RSA 674:76 and set forth in separate statutory titles. While the Town remains adamant that it cannot be subject to this state statute, other towns and municipal associations in New Hampshire recognize RSA 674:76's clear mandate and have proceeded accordingly. To date, the Town's sole argument against RSA 674:76's applicability is that it has not yet been interpreted by a court. While such an argument has no bearing on the unambiguous text and statutory history, a quick look to other states in the First Circuit dealing with similar statutes confirms the Church's position. Accordingly, the Town violates RSA 674:76's directive and the matter ends there.

2. The Town's coordinated efforts to prevent the Church from engaging in religious activities violate the First Amendment's right to the free exercise of religion. U.S. Const. amend I. Given that the Town's Regulations either (i) grant sole discretion based on individualized

determinations or (ii) treat comparable secular activity more favorably than religious exercise, those Regulations are not neutral and generally applicable and are therefore subject to strict scrutiny. There is no question that the Town's enforcement of its Regulations burdens the Church's ability to exercise its religion. And while the Regulations must be the least restrictive means of furthering a compelling interest, the Town falls well short of meeting that demanding standard. Accordingly, the Town's Regulations, as applied, violate the First Amendment's Free Exercise Clause.

3. The Town's coordinated efforts to prevent the Church from engaging in religious activities also violate two provisions of the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). 42 U.S.C. §§ 2000cc(a), 2000cc(b). First, the Town is violating RLUIPA by imposing a substantial burden on the Church's free exercise of religion. Second, the Town is applying its Regulations to the Church in a manner that violates RLUIPA's equal terms provision. These two RLUIPA claims mandate strict scrutiny. The Town therefore has the burden to show that its Regulations and coordinated efforts are the least restrictive means of furthering a compelling interest. As explained in detail below, the Town cannot survive the narrow tailoring requirement, no matter what compelling interest it may divine.

4. Finally, the Town's coordinated efforts to prevent the Church from engaging in religious activities violate Part I, Article 5 of the New Hampshire Constitution. The New Hampshire Constitution is even more protective of free exercise rights than the United States Constitution. *See State v. Mack*, 249 A.3d 423, 442–43 (N.H. 2020). Thus, by violating the First Amendment's Free Exercise Clause, the Town also violates the New Hampshire Constitution. And even if the Town's conduct did not rise to the level of violating the United States Constitution, there remains an independent violation of the New Hampshire Constitution.

In further support of this Motion, the Church files a (1) Memorandum of Law in Support of Plaintiffs' Motion for Summary Judgment; (2) Declaration of Howard Kaloogian in Support of Plaintiffs' Motion for Summary Judgment; and (3) Declaration of Connor R. Brewer in Support of Plaintiffs' Motion for Summary Judgment, with accompanying exhibits attached.  For these reasons, the Court should grant this Motion in its entirety, enter judgment in the Church's favor and against the Town, and grant such other and further relief as it deems just and proper.

Dated:  March 28, 2025

David J. Hacker (pro hac vice)
Jeremiah G. Dys (pro hac vice)
Ryan Gardner (pro hac vice)
FIRST LIBERTY INSTITUTE
2001 West Plano Parkway
Suite 1600
Plano, TX 75075
Tel: (972) 941-4444
*DHacker@firstliberty.org*
*JDys@firstliberty.org*
*RGardner@firstliberty.org*

Respectfully Submitted,

  */s/ Connor R. Brewer*
Phillip E. Marbury (Bar # 267645)
THE LAW OFFICES OF MARBURY & MARBURY, PLLC
P.O. Box 2122
Wolfeboro, NH 03894
Tel.: (603) 569-4111
Fax: (603) 941-3180
*pm@marblaw.com*

M. Sean Royall (pro hac vice)
E. Caroline Freeman (pro hac vice)
KING & SPALDING LLP
1700 Pennsylvania Ave. NW, Suite 900
Washington, D.C. 20006
Tel.: (202) 737-0500
*sroyall@kslaw.com*
*cfreeman@kslaw.com*

Connor R. Brewer (pro hac vice)
KING & SPALDING LLP
2601 Olive Street, Suite 2300
Dallas, TX 75201
Tel.: (214) 764-4420
*cbrewer@kslaw.com*

*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this date, I electronically filed the foregoing document using CM/ECF system, which will send notification of such filing(s) to all those registered with the ECF system.

Dated:  March 28, 2025

*/s/  Connor R. Brewer*
