IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| GRACE NEW ENGLAND; and<br><br>PASTOR HOWARD KALOOGIAN,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>TOWN OF WEARE, NEW HAMPSHIRE;<br><br>TONY SAWYER, in his individual and official capacities; and<br><br>CRAIG FRANCISCO, in his individual and official capacities,<br><br>　　　　Defendants. | **Civil Action No.: 1:24-cv-00041-PB-AJ** |

**PLAINTIFFS' OBJECTION TO DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT**

Plaintiffs Grace New England and Pastor Howard Kaloogian (collectively, the "Church") respectfully submit this Objection to Defendants' Motion for Summary Judgment (the "Motion"), and state as follows:

1. Defendants Town of Weare, New Hampshire, Tony Sawyer, and Craig Francisco (collectively, the "Town") have moved for summary judgment as to all claims.

2. As a threshold issue, the Town asserts that Plaintiffs' claims are not ripe. This argument ignores both recent Supreme Court precedent and key facts demonstrating that the Town has already made a final decision despite the fact that Plaintiffs navigated various procedural hurdles.

1

3. No reasonable trier of fact could find for Defendants on Count I—violation for the Free Exercise Clause of the First Amendment—because the Town cannot meet the strict scrutiny standard that requires it to show both a compelling interest and that it has chosen the least restrictive means to pursue any such interest.

4. No reasonable trier of fact could find for Defendants on Count II—violations of the Substantial Burden provision of RLUIPA—because the Town's application of its Regulations, including its clear violation of RSA 674:76, substantially burdens Plaintiffs' religious exercise.

5. No reasonable trier of fact could find for Defendants on Count III—violations of the Equal Terms provision of RLUIPA—because the Town has expressly chosen to treat gatherings differently depending on their purpose (and singling out a religious purpose for disfavored treatment).

6. No reasonable trier of fact could find for Defendants on Count IV—violation of RSA 674:76—because the statute unambiguously prohibits the exact conduct that the Town admits it is doing here.

7. No reasonable trier of fact could find for Defendants on Count V—violations of Part I, Article 5 of the New Hampshire Constitution—because New Hampshire's Constitution is more protective than the federal Free Exercise Clause and there would be a violation even if the conduct did not rise to a level of a federal violation.

8. Finally, Defendants' arguments that Mr. Francisco and Mr. Sawyer should prevail are unpersuasive because they both are necessary parties and were personally involved in the Town's at-issue conduct.

In further support of this Objection, the Church files a (1) Memorandum of Law in Support of Objection to Defendants' Motion for Summary Judgment; and (2) Declaration of Connor R.

Brewer in Support of Plaintiffs' Memorandum of Law in Support of Objection to Defendants' Motion for Summary Judgment, with accompanying exhibits.  For these reasons, the Court should deny the Motion in its entirety and grant such other and further relief as it deems just and proper.

Dated:  April 28, 2025

David J. Hacker (pro hac vice)
Jeremiah G. Dys (pro hac vice)
Ryan Gardner (pro hac vice)
FIRST LIBERTY INSTITUTE
2001 West Plano Parkway
Suite 1600
Plano, TX 75075
Tel: (972) 941-4444
*DHacker@firstliberty.org*
*JDys@firstliberty.org*
*RGardner@firstliberty.org*

Respectfully Submitted,

  */s/  Connor R. Brewer*
Phillip E. Marbury (Bar # 267645)
THE LAW OFFICES OF MARBURY & MARBURY, PLLC
P.O. Box 2122
Wolfeboro, NH 03894
Tel.: (603) 569-4111
Fax: (603) 941-3180
*pm@marblaw.com*

M. Sean Royall (pro hac vice)
E. Caroline Freeman (pro hac vice)
KING & SPALDING LLP
1700 Pennsylvania Ave. NW, Suite 900
Washington, D.C. 20006
Tel.: (202) 737-0500
*sroyall@kslaw.com*
*cfreeman@kslaw.com*

Connor R. Brewer (pro hac vice)
KING & SPALDING LLP
2601 Olive Street, Suite 2300
Dallas, TX 75201
Tel.: (214) 764-4420
*cbrewer@kslaw.com*

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically filed the foregoing document using CM/ECF system, which will send notification of such filing(s) to all those registered with the ECF system.

 */s/  Connor R. Brewer*